IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Norma I.I.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil No. 25-1079 (GLS)

**OPINION AND ORDER**

Plaintiff seeks review of the Commissioner of the Social Security Administration's (the "SSA") denial of her application for Social Security Disability Insurance benefits ("SSDI"). Docket No. 1. Plaintiff sustains that the decision should be reversed because it was not supported by substantial evidence and was based on incorrect legal standards. Docket No. 11. The Commissioner opposed. Docket No. 12. The parties consented to the entry of judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. §636(c). Docket No. 5. After careful review of the administrative record and the parties' briefs, the Commissioner's decision denying disability benefits is **AFFIRMED**.

## I.    Procedural Background

Plaintiff worked as associate, department manager and cashier at Walmart until 2020. Tr. 48, 59-62.[2] On December 3, 2021, Plaintiff filed an application for SSDI claiming that, as of February 27, 2020, the following conditions limited her ability to work: right shoulder rotator cuff tear (surgery), both knee pain, gout, bad blood circulation in both legs, kidney renal calculus problems, high blood pressure, hypothyroidism, goiter, anxiety, depression, sleep problems, and

---

[1]    Plaintiff's last name is omitted for privacy reasons.

[2]    "Tr." refers to the transcript of the record of proceedings.

1

thyroiditis. Tr. 198, 206, 208. Plaintiff received treatment from several doctors as evidenced by her disability report. The application was denied initially and upon reconsideration. Tr. 205-217. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and, on August 28, 2023, a hearing was held via video teleconference before ALJ Livia Morales. Tr. 43-67. Plaintiff testified and was represented by counsel. Id. Vocational Expert ("VE") Joey Kilpatrick testified at the hearing. Id. On September 26, 2023, the ALJ issued a decision finding that Plaintiff was not disabled, as defined in the Social Security Act, at any time from the onset date of February 27, 2020, through the date of the decision. Tr. 35. Plaintiff asked the Appeals Council to review but the request was denied on December 10, 2024, rendering the Commissioner's decision the final decision for review by this Court. Tr. 1-6. On February 8, 2025, Plaintiff initiated this action and both parties filed memoranda in support of their respective positions. Docket Nos. 11, 12.

## II.    Legal Framework

### A.    Disability Determination by the SSA: Five Step Process

To receive benefits under the Social Security Act, the ultimate question is whether plaintiff is disabled within the meaning of 42 U.S.C. §423(d). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. See id. The severity of the impairment must be such that the claimant "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial work which exists in the national economy." 42 U.S.C. §423(d)(2)(A). The burden of proving disability rests on plaintiff. 42 U.S.C. § 423(d)(5)(A); Bowen v. Yuckert, 482 U.S. 137, 146 (1987).

The Commissioner engages in a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §404.1520; Bowen, 482 U.S. at 140-42. At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity" and, if so, the claimant is not disabled. 20 C.F.R. §404.1520(b). If not engaged in substantial gainful activity, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments that significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §404.1520(c). The step two severity requirement imposes a *de minimis* burden, which is designed to screen out groundless claims. McDonald v. Sec'y of Health and Human Servs., 795 F.2d 1118, 1123 (1st Cir. 1986). If the impairment or combination of

impairments is severe, the third step applies. The ALJ must determine whether the claimant's severe impairments meet the requirements of a "listed impairment", which the Commissioner acknowledges are so severe as to preclude substantial gainful activity. See 20 C.F.R. §404.1520(d); 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant has a "listed impairment" or an impairment equivalent in severity to a "listed impairment", the claimant is considered disabled. If the claimant's impairment does not meet the severity of a "listed impairment", the ALJ must determine the claimant's Residual Function Capacity ("RFC"). 20 C.F.R. §404.1520(e). An individual's RFC is his or her ability to do physical and mental work activities on a sustained basis despite limitations due to impairments. 20 C.F.R. §404.1520(e); §404.1545(a)(1). At step four, the ALJ must determine, taking into consideration the RFC, whether the claimant can perform past relevant work. 20 C.F.R. §404.1520(f); §416.920(f). If not, then the fifth and final step applies.

At steps one through four, the claimant has the burden of proving he cannot return to his former employment due to the alleged disability. Santiago v. Sec'y of Health and Human Servs., 944 F.2d 1, 5 (1st Cir. 1991). However, at step five, the Commissioner has the burden to prove the existence of other jobs in the national economy that claimant can perform. 20 C.F.R. §404.1520(g); Ortiz v. Sec'y of Health and Human Servs., 890 F.2d 520, 524 (1st Cir. 1989). If there are none, the claimant is entitled to disability benefits. 20 C.F.R. §404.1520(f).

**B.      Standard of Review**

The Court may affirm, modify, reverse, or remand the decision of the Commissioner based on the pleadings and transcript. 42 U.S.C. §405(g). The Court's role is limited to deciding whether the ALJ's decision is supported by substantial evidence in the record and based on a correct legal standard. See id.; Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996); Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The Commissioner's findings of fact are conclusive when supported by substantial evidence but not when obtained by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). "Substantial evidence" is more than a "mere scintilla." Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018). It is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id. Under the substantial evidence standard, "a court looks to an existing administrative record and asks whether it contains 'sufficient evidence' to support the agency's

factual determinations" and "the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103-04 (2019).

A determination of substantiality must be based on the record. Irlanda Ortiz, 955 F.2d at 769. It is the Commissioner's responsibility to weigh credibility and to draw inferences from the evidence. Rodríguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981). Courts will not second guess the Commissioner's resolution of conflicting evidence. Irlanda Ortiz, 955 F.2d at 769. The Commissioner's findings must be upheld if a reasonable mind, viewing the evidence in the record, could accept them as adequate to support his conclusion. Rodríguez, 647 F.2d at 222. And even if there is substantial evidence, which could arguably justify a different conclusion, the Court must uphold the ALJ's decision if supported by substantial evidence. 20 C.F.R. §404.1546(c); Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir.1987).

### III.    Discussion

#### A.    The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 27, 2020, the alleged onset of disability. Tr. 25. At step two, the ALJ determined that Plaintiff had severe impairments pursuant to 20 C.F.R. §404.1520(c): right shoulder status-post surgery, right shoulder post-traumatic tear status-post surgery, venous incompetence, right knee osteoarthritis, left shoulder spur, and obesity. Id. The ALJ further found that Plaintiff had several impairments that were not severe because they are well controlled with treatment or are not adequately supported by the medical evidence in the record. Tr. 25-26. The ALJ classified Plaintiff's thyroid disorder, hypothyroidism, lymphocytic thyroiditis post thyroid node biopsy, nontoxic multinodular goiter, benign arterial hypertension, ovary cyst, hypertensive heart disease, colonic diverticulosis, and bilateral nephrolithiasis as non-severe impairments. Tr. 26.

The ALJ further found that Plaintiff's depression, anxiety, and post-traumatic stress disorder were non-severe under 20 C.F.R. § 404.1520a(d)(1), after evaluating the four broad areas of mental functioning, known as the "Paragraph B criteria": (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing themselves (Tr. 27-28). See 20 C.F.R. Pt. 404, Subpart P, Appendix 1. With respect to understanding, remembering, or applying information, the ALJ found that Plaintiff exhibited a mild limitation. Tr. 27. Although Plaintiff reported difficulty with

memory, the ALJ observed that mental status examinations demonstrated her ability to recall four out of five words immediately and otherwise reflected intact memory. Tr. 27, 698. Similarly, although Plaintiff asserted difficulty completing tasks, the ALJ noted her own reports that she was able to drive and shop independently. Tr. 27. As to interacting with others, the ALJ likewise found only a mild limitation, citing evidence that Plaintiff spent time with family and was described as pleasant and cooperative. Id. Regarding concentration, persistence, or pace, the ALJ found a mild limitation. While Plaintiff reported difficulty concentrating, mental status examinations indicated that she answered questions appropriately and demonstrated adequate concentration. Id. Finally, with respect to adapting or managing oneself, the ALJ determined that Plaintiff had mild limitations. Id. Although Plaintiff reported difficulties with personal care and household chores, the ALJ noted her statements indicating that she remained capable of attending to her personal hygiene and self-care. Id. Accordingly, at step two of the sequential evaluation, the ALJ concluded that Plaintiff's mental impairments imposed no more than mild limitations in the four functional areas (her ability to perform basic mental work activities) and were therefore non-severe. Tr. 28. See 20 C.F.R. § 404.1520a(d)(1); Robles v. Comm'r of Soc. Sec., 2021 WL 3553788, at *3 (D.P.R. Aug. 11, 2021). At the conclusion of the step two analysis, the ALJ stated that the RFC analysis to follow at step three "reflect[ed] the degree of limitation the undersigned has found in the 'Paragraph B' mental function analysis." Tr. 28.

At the third step of the sequential analysis, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met the severity of a "listed impairment" in 20 C.F.R. Part 404, Subpart P, Appendix 1 and proceeded to determine Plaintiff's RFC. Tr. 28-30. The ALJ stated that, in formulating the RFC, he had to considered all impairments, including those that were non-severe (Tr. 24), and that his findings at step two regarding Plaintiff's mental functioning were considered. The ALJ concluded that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. 404.1567(b), except:

> stand/walk 4 hours in an 8-hour day. The claimant can push/pull with her right upper extremity occasionally. She can occasionally reach overhead and frequently in all other directions with right upper extremity. The claimant can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds never, balance frequently, stoop, kneel occasionally, crouch occasionally. The claimant can work at unprotected heights occasionally, moving mechanical parts frequently.

5

Tr. 29-30. The ALJ then concluded that Plaintiff could successfully adjust to other work that existed in significant numbers in the national economy, such as an office helper, mail sorter and information clerk. Tr. 33-34. The ALJ found that Plaintiff was not disabled. Tr. 35.

### B.    Plaintiff's Allegations of Error

Plaintiff moves to reverse the Commissioner's decision on the following grounds: (1) the ALJ failed to follow the psychiatric review technique and comply with Social Security Regulation ("SSR") 96-8p in assessing Plaintiff's mental RFC and (2) the ALJ's determination regarding Plaintiff's physical RFC—specifically as it pertains to right arm mobility—is refuted by the medical evidence. Docket No. 11 at pp. 14, 20. The Court finds no error.

### 1.    Analysis of Mild Mental Functional Limitations in the RFC

"The RFC assessment comes into play at step four, where the ALJ determines whether, despite her limitations, the claimant retains capacity to perform [her] past relevant work." D.C. v. Comm'r of Soc. Sec., 2021 WL 1851830 (D. N.J., May 10, 2021); 20 C.F.R. § 404.1545(a)(5)(i). A claimant retains the capacity to perform her past relevant work when she can perform the functional demands and duties of the job as actually performed or as generally required by employers throughout the national economy. See SSR 82-61, 1982 WL 31387 at *2; Ramos-Rodríguez v. Comm'r of Soc. Sec., 2012 WL 2120027, at *5 (D.P.R. June 11, 2012). In making this determination, the ALJ must consider all the evidence in the record, including claimant's symptoms, laboratory findings, daily activities, medical sources statements, and medical history. See 20 C.F.R. § 404.1545(a)(1); SSR 96-8P. The RFC determination is a "function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities despite the limitations caused by his or her impairment." See 20 C.F.R. § 404.1545(a).

The RFC determination primarily focuses on an "assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. See SSR 96-8P: "Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims" (S.S.A. July 2, 1996). Thus, it is essential for the ALJ to evaluate the effect that any mental impairment may have on work-related activities, such as understanding, carrying out and remembering instructions, using judgment in making work-related decisions, responding appropriately to supervision, co-workers, and work situations, and dealing with changes in a routine work setting. Id. However, the ALJ is only required to consider evidence that is credible. And if the ALJ "concludes that a claimant's deficiency is 'so minimal or negligible that ... it would

6

not limit her ability' to perform required work tasks, the ALJ may exclude that deficiency or limitation from the RFC without error." See D.C., 2021 WL 1851830, at *5 (citing Ramírez v. Barnhart, 372 F.3d 546, 555 (3rd Cir. 2004)); Lee v. Commissioner, 248 Fed. Appx. 458, 462 (3rd Cir. 2007) ("there was no need to include a mental impairment in the hypothetical as the determination that her condition was not severe was supported by substantial evidence").

Plaintiff argues that the ALJ erred by failing to consider her mild mental limitations during the RFC finding in accordance with SSR96-8. Docket No. 11 at p. 14. However, the ALJ did consider Plaintiff's mental impairments when formulating her RFC and follow the PRT. Tr. 28. At step two of the sequential analysis, the ALJ concluded that the Plaintiff's medically determinable impairments of major depressive disorder, anxiety disorder and post-traumatic stress disorder did not cause more than minimal limitations in her ability to perform basic mental work activities and were non-severe. Tr. 26. In reaching a determination that Plaintiff has mild mental limitations, the ALJ considered the evidence in the record. Tr. 26-27. Specifically, the ALJ considered the APS Clinic treatment records since 2022 for anxiety, depression and PTSD. Tr. 26, 876-893, 918-919. While Plaintiff reported experiencing anxiety, depression, insomnia, isolation and poor concentration, mental status examinations showed that she was cooperative with adequate appearance, memory, concentration, insight and judgment. Tr. 876-893. And even though there was evidence that Plaintiff had depressed and anxious mood, the record reflected that Plaintiff adequately responded to treatment. Tr. 876-893. The ALJ noted that the record was devoid of in-patient hospitalizations for psychiatric issues, nor was there any emergency treatment for anxiety or depression. Tr. 876-893. The ALJ also noted a psychological examination conducted by Dr. Ileana Pagán on February 17, 2022, in which Plaintiff presented adequate hygiene, appearance, psychomotor activity and concentration with "slightly affected" recent memory. Tr. 696-701. The ALJ found persuasive the Disability Determination Services psychologists' opinions. Tr. 27. Dr. De Paz carried out a Paragraph B analysis and opined that Plaintiff had no mental impairments whatsoever. Tr. 206-216. The ALJ found that Dr. De Paz's medical opinion was consistent with the other evidence in the record revealing no significant mental limitations. Tr. 27.

The ALJ explained that the RFC determination reflected the degree of limitation he found in the Paragraph B mental function analysis. Tr. 28. "This discussion and incorporation by reference [of the Paragraph B criteria] is sufficient to satisfy the requirement that the ALJ consider all of Plaintiff's impairments in formulating the RFC." D.C., 2021 WL 1851830, at *5. See also

Muñoz v. Comm'r of Soc. Sec., 2024 WL 1172666, at *9 (D.P.R. Mar. 19, 2024); Robles v. Comm'r of Soc. Sec., 2021 WL 3553788, at *4; Makowski v. Comm'r of Soc. Sec., 2017 WL 3151243, at *7 (D.N.J. July 24, 2017). "This is especially true when [...] the mental impairment found at step two was not severe but mild." Robles, 2021 WL 3553788, at *4 (internal citations omitted). See also D.C., 2021 WL 1851830, at *6; Chandler v. Berryhill, 2018 WL 3575258, at *3, *6 (E.D. pa. July 24, 2018); Makowski, 2017 WL 3151243, at *7 (D.N.J. 2017) (concluding "even if the ALJ did not discuss the impact of the admittedly mild limitations from Plaintiff's mental impairments at the RFC stage, despite having discussed them at length elsewhere in the opinion, this omission is not reversible error because the ALJ was entitled to not include 'minimal or negligible' deficiencies in the RFC."). This was the case here. The ALJ's evaluation of the Paragraph B criteria resulted in a finding that the mental impairment was not severe, and his incorporation of that analysis to the formulation of the RFC was sufficient.

In any case, the Commissioner argues, and the Court agrees, that omitting a limitation from the RFC is immaterial when the jobs relied upon at steps four and five do not require activities affected by that limitation. Linares Pagán v. Soc. Sec. Admin., 2020 WL 12188416, at *4 (D.P.R. Aug. 25, 2020). At step five, the ALJ relied on three unskilled occupations. Unskilled work, by regulatory definition, requires "little to no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Courts have consistently held that mild mental limitations are consistent with unskilled work, and that omitting them from an RFC directed at unskilled jobs is harmless. Joseph S. v. Comm'r of Soc. Sec., 2023 WL 8798128, at *4 (W.D.N.Y. Dec. 20, 2023) ("[T]he ALJ's failure to include Plaintiff's mild […] mental limitations in the RFC determination and the hypothetical question to the VE would be harmless error because the jobs cited by the VE are unskilled and Plaintiff retained the RFC to perform unskilled work."); see also Scoble v. Kijakazi, 2023 WL 1785961, at *5 (E.D. Cal. Feb. 6, 2023) ("Mild mental impairment is generally consistent with unskilled work."). The medical record in this case supports a conclusion of even less than mild restrictions as a matter of opinion evidence, yet the ALJ credited mild limitations as a matter of independent judgment in Plaintiff's favor. Therefore, even if the ALJ erred in not assessing mild mental limitations in Plaintiff's RFC, such an error would be harmless. Lane v. Colvin, 643 Fed. Appx. 766, 769 (10th Cir. 2016) (ALJ's failure to include

8

limitations in the claimant's RFC was harmless because the jobs identified by the ALJ were consistent with those limitations).

### 2.       Physical RFC Assessment

Plaintiff argues that the ALJ's determination that she "can occasionally reach overhead and frequently in all other directions with right upper extremity" is refuted by the medical evidence. Docket No. 11 at p. 20. Specifically, Plaintiff argues that the ALJ erred in crediting the medical opinion of Dr. Torres while failing to account for his observation that Plaintiff was "unable to raise her [right] arm above [her] shoulder line." Tr. 21. The Commissioner argues that the ALJ explicitly acknowledged this finding and properly distinguished Dr. Torres' observation—which the Commissioner characterizes as objective medical evidence rather than a medical opinion—from his ultimate opinion. Docket No. 12 at p. 6. The Commissioner further argues that the ALJ reasonably found partially persuasive the opinions of state agency physicians, Dr. Meléndez and Dr. Queipo, and relied on those opinions, along with the other evidence of record, to conclude that Plaintiff retained the capacity to occasionally reach overhead with her right upper extremity. Id.

Because the Commissioner alleges that Dr. Torres' observation of Plaintiff's inability to raise her right arm is not a medical opinion, the Court addresses this matter first. Pursuant to 20 C.F.R. § 404.1513(a)(2):

> A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

On February 21, 2022, Dr. Torres performed a physical examination of Plaintiff. Tr. 702-707. Dr. Torres noted that Plaintiff was "unable to raise her RT arm above shoulder line." Tr. 705. The consultative examiner, however, did not opine on the effect of Plaintiff's impairment or as to

whether there were any functional limitations or restrictions on account of such impairment. Dr. Torres' finding was thus a direct clinical observation of Plaintiff's range of motion, rather than an assessment of what Plaintiff could still do despite her impairment. As such, Dr. Torres' observation did not meet the statutory definition of a medical opinion and the ALJ did not have to consider its persuasiveness.[3] See Coffman v. Comm'r of Soc. Sec. Admin., 2020 WL 7033962, at *2 (W.D. Mo. Nov. 30, 2020) (the ALJ properly determined that the consultative examiner's statements were not a medical opinion as they did not provide any specific opinions regarding the claimant's degree of limitation).

In any case, the ALJ did assess Dr. Torres' medical findings along with other relevant evidence. The ALJ considered Dr. Torres' physical examination in the RFC assessment. Tr. 32. The ALJ mentioned Dr. Torres' notes on Plaintiff's adequate gait and muscular strength. Id. The ALJ also considered the medical opinions of Dr. Meléndez and Dr. Queipo, two state agency medical experts who considered Dr. Torres' findings, along with other evidence, and concluded that Plaintiff could frequently perform frequent overhead reaching with her right arm. Tr. 199, 203, 207, 213. The ALJ found these medical opinions partially persuasive and explained that "[a]lthough the consultants supported their opinion with a detailed explanation and citations to the normal physical examinations, the overall evidence of record supports greater limitations." Tr. 33. The ALJ then found that Plaintiff could occasionally reach overhead with her right arm. Tr. 30. Because the ALJ did consider Dr. Torres' notes, the ALJ's decision is not to be disturbed. See e.g., Malaney v. Berryhill, 20178 WL 2537226, at *9 (D. Me. June 11, 2017) (claimant is not entitled to remand when the ALJ relied on opinions of agency non-examining consultants who considered the evidence the claimant contended was erroneously assessed). Furthermore, the Court is not called to reweigh the evidence already evaluated by the ALJ. See Olivera-Bahamundi v. Comm'r of Social Sec., 2021 WL 1177339, at *6 (D.P.R. Mar. 29, 2021) (the court held that it would not look further into the opinion rendered by the consultative examiner because it would be

---

[3]    In fact, the only medical opinion from Dr. Torres cited in the ALJ's decision is his finding that "the claimant does not require someone's assistance for support and does not need an assistive device." Tr. 32. The ALJ found this opinion persuasive since it was supported by Dr. Torres' own clinical findings, including adequate gait and muscular strength. Id. Thus, Dr. Torres' sole medical opinion does not support greater limitations than does determined by the ALJ.

impermissibly reweighing the evidence already evaluated by the ALJ); <u>Evangelista v. Sec. of Health and Human Servs.</u>, 826 F.2d 136, 144 (1st Cir. 1997).

## IV.    Conclusion

The ALJ evaluated the record as a whole and his decision is supported by substantial evidence in the administrative record using correct legal standards. After thoroughly and carefully reviewing the record, and there being no good cause to reverse or remand, the final decision of the Commissioner is **AFFIRMED**, and this action is dismissed.

Judgment is to be entered accordingly.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 19th day of March 2026.


s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge